UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 20-2496-DMG (SHKx)** | Date | January 19, 2021 |
|---|---|---|---|
| Title | *Chase Daniel Daugherty v. James R. Hefflin* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO RIVERSIDE COUNTY SUPERIOR COURT**

On October 5, 2020, Plaintiff Chase Daniel Daugherty filed a Request for Civil Harassment Restraining Order in Riverside County Superior Court against Defendant James Hefflin. [Doc. # 1-1.] On January 11, 2021, Hefflin removed the action to this Court, asserting federal question jurisdiction under 28 U.S.C. § 1331. Not. of Removal [Doc. # 1].

Federal question jurisdiction exists over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Furthermore, pursuant to 28 U.S.C. § 1441(a), an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court. "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin v. Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction [under that statute] must be rejected if there is *any doubt* as to the right of removal in the first instance." *See id.* (emphasis added).

Hefflin argues that Plaintiff's Request for a Civil Harassment Restraining Order arises under federal law, namely the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, because it asserts that he discriminated against Plaintiff on the basis of his disability. Not. of Removal at ¶ 5. But Plaintiff's Request does not assert any claims under federal law, and any claims could arise solely under California's Fair Employment and Housing Act ("FEHA"), which prohibits discrimination on the basis of disability. *See* Cal. Gov't Code § 12955.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **ED CV 20-2496-DMG (SHKx)** | Date | January 19, 2021 |
| Title | *Chase Daniel Daugherty v. James R. Hefflin* | Page | 2 of 2 |

In addition, removal appears to be untimely.  Under 28 U.S.C. section 1446(b), a case may be removed to federal court within 30 days of the pleading from which subject matter jurisdiction may be first ascertained.  More than 30 days elapsed between the date Hefflin asserts he received the Request for a Civil Harassment Restraining Order, October 29, 2020, and the date Hefflin lodged his Notice of Removal, December 1, 2021, and the date Hefflin submitted his filing fee, January 11, 2021.

Accordingly, because it appears that federal question jurisdiction does not exist and removal is untimely, Hefflin is hereby **ORDERED TO SHOW CAUSE** why this action should not be remanded to Riverside County Superior Court.  Hefflin shall file a response by no later than **January 26, 2021**.  **Failure to timely file a satisfactory response by this deadline will result in the remand of this action to state court.**

**IT IS SO ORDERED.**